In re GRE–KOR CONSTRUCTION, INC., an Oregon Corporation; Bruce Korstad and Meredy Korstad, Debtors.

MID–VALLEY GLASS COMPANY, an Oregon Corporation, Plaintiff,

v.

GRE–KOR CONSTRUCTION, INC., an Oregon Corporation, Bruce Korstad and John Skillern, Defendants.

MID–VALLEY GLASS COMPANY, an Oregon Corporation, Plaintiff,

v.

GRE–KOR CONSTRUCTION, INC., an Oregon Corporation; Vance A. Laub; Mary V. Laub; and Bruce Korstad, Defendants.

MID–VALLEY GLASS COMPANY, an Oregon Corporation, Plaintiff,

v.

GRE–KOR CONSTRUCTION, INC., an Oregon Corporation, and Bruce Korstad, Defendants.

MID–VALLEY GLASS COMPANY, an Oregon Corporation, Plaintiff,

v.

GRE–KOR CONSTRUCTION, INC., an Oregon Corporation, John A. Anderson, et al., Defendants.

Bankruptcy Nos. 680–06849 and 680–06831.

Adv. Nos. 680–6280 to 680–6283.

United States Bankruptcy Court, D. Oregon.

April 8, 1981.

Wilson C. Mulheim, Eugene, Or., for plaintiff.

Eric Haws, Eugene, Or., for debtor.

Derrick E. McGavic, Eugene, Or., for creditor committee.

## OPINION

C. E. LUCKEY, Bankruptcy Judge.

This opinion shall be applicable to each of the above-captioned adversary proceedings as each involves a common issue.

The debtor-in-possession in these proceedings was engaged in a business of purchas-

ing used houses, reconditioning them, and then offering them for sale.

Materialmen's liens were filed against properties in question, and 'the lien holders felt insecure because of the Oregon statute requiring commencement of suit to foreclose within 6 months to prevent expiration of the liens. They therefore obtained unopposed orders of relief from the automatic stays and filed state court foreclosure suits which were promptly removed to this Court.

Properties subject to the liens were sold by the debtor-in-possession who instructed the escrow company to satisfy the liens from the proceeds.

The lien holders contend that satisfaction of the liens entitles them to attorney fees and costs in addition to the principal sum secured by the statutory lien.

The parties tendered a pre-trial Order relating to the attorney fee issue joined by the attorneys for the lien holders, the creditors' committee and the debtor-in-possession.

There was no issue joined in the removed foreclosure proceeding by answer. Instead, the debtor-in-possession acknowledged by escrow instructions the validity of the asserted liens.

The Oregon statute (87.060(4) ORS) provides for attorneys fees as a part of the judgment on foreclosure to the "prevailing party". By their pre-trial Order, the parties have stipulated that the plaintiff-lienee is the prevailing party. Thus, apart from the problems created by the Bankruptcy Code, this Court's problem would seem made easy.

The incidence of the Chapter 11 case, however, poses additional problems. The adversary proceeding for lien foreclosure is a proceeding within the Bankruptcy Code case. The Bankruptcy Code and applicable rules apply.

In instances in which the Code does not make a specific statutory provision relative to attorneys fees, it is necessary to apply the Bankruptcy Rules governing the allowance of the fees.

The application of the Bankruptcy Rules is complicated by the consolidation of Chapters X, XI and XII into Chapter 11. Throughout the Bankruptcy Rules for Chapters X, XI and XII, however, runs the applicability of Rule 219. Rule 219 in part provides:

". . . The requirements of this subdivision [re application for compensation or reimbursement] shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor or other person on his behalf."

It is noted that the Bankruptcy Code Comment under Rule 219(a) provides that the Rule is unaffected by the Code (Collier 1979 Pamphlet Edition Part 2 Bankruptcy Rules).

Bankruptcy Rule 754 applies to adversary proceedings in bankruptcy cases and applies subdivisions (a), (b) and (c) of Rule 54 of the Federal Rules of Civil Procedure.

The Rules Advisory Committee note to Rule 754 relating to allowance of costs under Rule 754(b) follows:

"Under § 2a(18) of the Act the bankruptcy courts have followed the equity practice of allowing costs to either party as a matter of discretion. 1. Collier, 381–82 (1968). Because of the adverse effect on creditors of imposing costs on a bankrupt estate and the reciprocal equities of those involved in litigation with such an estate, costs have often been denied either party in contested proceedings in bankruptcy cases. Subdivision (b) preserves the traditional approach by leaving the taxation of costs in such proceedings to the court's discretion."

This Court therefore concludes that the seeker of attorney fees must comply with Rule 219 and the Court has broad discretion in the allowance of the fees.

The parties have agreed in the proposed pre-trial Order that the attorneys fees sought, if allowable, are reasonable. This seems to fall short of the prohibited agreement fixing fees condemned as criminal under the provisions of Title 18, Section 155

of the United States Code. That they could apparently not legally agree to a fee fixing imposes upon the Court the responsibility to fix the fee. This is not to suggest the parties acted "knowingly and fraudulently" in violation of the section, because the fee question has been submitted to the Court.

Additionally, when the Court fixes the fee, it must comply with notice requirements relating to allowances of compensation or reimbursement provided by Bankruptcy Rule 11–24(a)(7) or Rule 10–209(b)(6).

Finally, the problem remains as to the nature of any allowed fee as a part of the lien, as an administrative expense, or as a claim to be provided for by a debtor's plan of arrangement, or as a general claim in the event of conversion to Chapter 7 liquidation.

Provision for attorneys fees in consensual liens generally attached to the security in accordance with the contractual terms.

Here we are concerned with a statutory lien and statutory provisions conditionally providing for attorneys fees (87.039(2), 87.-057(3) and 87.060(4) ORS). Compliance with the notice requirements of the statutes are not disputed.

Although a prevailing party ordinarily is determined after issue is joined and judgment entered, the treatment accorded the lien holder's complaint by the debtor-in-possession created of the lien holder an *ipso facto* prevailing party.

The statute is silent as to whether or not the award of attorneys fees becomes a part of the lien, or simply an *in personam* judgment. Material liens are entitled to a high priority because they theoretically enhance the value of security held in the same property by other security holders. These security holders are upon notice that costs and attorneys fees may apply in the event of forced foreclosure, and as well as the debtor, could protect their position by payment of the lien.

The silence of the statute requires interpretation and this Court has, after diligent inquiry, been unable to find any applicable interpretation of the Oregon statute relating to the attachment of the costs and attorneys fees as a part of the lien.

However, if the statutory conditions are met it would seem anomalous to accord less dignity to the statutory provision than to a consensual provision.

This concept is reinforced by the provisions of Section 87.076 ORS relating to the lifting of a lien by the posting of bond to include obligation for costs and attorneys fees. It is further reinforced by policy which should encourage settlement of litigation short of judgment. See *Delta Air Lines, Inc. v. August,* —— U.S. ——, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981).

The Court, therefore, upon proper application and notice, will fix the attorneys fees and costs and impress the proceeds of the sales with the sum to be so fixed.